# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERIC HSUEH,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**BANK OF AMERICA HUMAN RESOURCES, CONRAD FRANCIS, YAGNESH SHAH, MARY DALY, RYAN SENN,**<br><br>    **Defendants.** | Civ. No. 19-20408 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Eric Hsueh worked for Bank of America, was laid off, and now sues Bank of America and certain employees (collectively "BofA") alleging that they violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Now before the Court is BofA's motion to dismiss (DE 7) and Hsueh's motion for default judgment (DE 10).[1] For the following reasons, the motion to dismiss (DE 7) is **GRANTED WITHOUT PREJUDICE**, on grounds of insufficient service of process only, and the motion for default judgment (DE 10) is **DENIED**.

---

[1]   Certain citations to the record are abbreviated as follows:

   DE = docket entry

   Compl. = Hsueh's Complaint (DE 1)

   BofA Brf. = BofA's Brief in Support of its Motion to Dismiss (DE 7-1)

   Hsueh Brf. = Hsueh's Brief in Support of his Motion for Default Judgment (DE 10-1)

I. **BACKGROUND**

A. **Facts**

Hsueh worked at Bank of America for over two years as an IT employee.[2] (Compl. at 3, 7.) His supervisor, Conrad Francis, accused him of performance and attendance issues. (*Id.* at 7.) When Hsueh raised Francis's accusations with the manager, Yagnesh Shah, Shah "sided" with Francis. (*Id.*) Thereafter, Hsueh was segregated from his team. (*Id.*). According to Hsueh, Francis took actions against Hsueh because he thought Hsueh was too old. (*Id.*)

Hsueh contacted human resources to report the "harassment" from Francis and Shah. (*Id.* at 9.) HR representative Mary Daly advised him to request an accommodation, escalate any issues regarding Francis to Shah, and provide support. (*Id.*) Another HR employee, Ryan Senn, reached out to Hsueh for clarification of his issues. The Complaint says nothing more about Senn. (*Id.*)

Later, Hsueh was laid off. (*Id.* at 8.) According to a disclosure he received, twenty people were eligible for a layoff, but only he was selected, and he was the oldest of the twenty. (*Id.*)

B. **Procedural History**

On November 21, 2019, Hsueh filed his Complaint, alleging an ADEA claim against "Bank of America Human Resources," Francis, Shah, Daly and Senn. (*Id.* at 1.) On December 6, Hsueh purported to serve all defendants with a copy of the complaint and summons by handing copies to a mailroom attendant at a Bank of America location in Jersey City where Shah and Francis worked. (Hsueh Brf. at 2.) On May 22, 2020, BofA moved to dismiss, arguing that Hsueh failed to state a claim and that BofA was not properly served. (BofA Brf.) Hsueh did not file an opposition to the motion to dismiss, but instead filed a motion to enter judgment by default, arguing that BofA was properly served and failed to appear. (Hsueh Brf. at 2.)

---

[2]     Although it is not clear from the Complaint, it appears that Hsueh worked at a Bank of America branch in Jersey City.

## II. DISCUSSION AND ANALYSIS

I will dismiss the Complaint for insufficient service. Accordingly, because insufficient service deprives the Court of jurisdiction, I do not reach BofA's 12(b)(6) arguments or Hsueh's later-filed motion for default judgment.

### A. Standard of Review

District courts may dismiss a complaint without prejudice if the defendant was not served with copies of the complaint and summons within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m), 12(b)(4). Where, as here, there is a question as to the validity of service, the burden of proof of service lies on "the party asserting the validity of service," Hsueh. *Grand Entmt. Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). "This burden can be met by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019) (quoting *State Farm Mut. v. Tz'Doko V'Chesed*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008)).

### B. Service of Process

In moving to dismiss, BofA makes three merits arguments (BofA Brf. at 6–12), but also argues that Hsueh never served BofA (*id.* at 12–14). I take up the service argument because "[i]n the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 1327 (1999).

Bank of America, as a corporation, could be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). In the alternative, service could be made by following New Jersey's rules. *See* Fed. R. Civ. P. 4(e)(1). The New Jersey procedures are fairly similar in this regard, but also provide that a plaintiff can serve "a person at the registered office of the corporation in charge thereof" or, if service cannot be made on that person or those listed in Federal

Rule 4(h)(1)(B), "then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties," N.J. R. Ct. 4:4-4(a)(6).

The individual defendants could be served by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. (4)(e)(2)(A)–(C).[3]

Hsueh says service was accomplished because he gave copies of the summons and complaint to a mailroom attendant at a Bank of America location in Jersey City where Shah and Francis worked. (Hsueh Brf. at 2.) That was insufficient to serve any defendant. First, as to Bank of America, a mailroom attendant is not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also, e.g., Patel v. McKesson Corp.*, No. 14-11299, 2014 WL 5705039, at *3 (E.D. Mich. Nov. 5, 2014) (serving mailroom employee of business was insufficient); *Cubbage v. Bloomberg LP*, Civ. No. 05-2989, 2007 WL 9809081, at *1 n.1 (E.D. Pa. Nov. 16, 2007) (same).[4] Second, as to the individual defendants, handing copies to a mailroom attendant is not delivering copies to the individuals personally, leaving copies at their homes, or delivering copies to an authorized agent. Fed. R. Civ. P. (4)(e)(2)(A)–(C); *see also Reddy v. MedQuist, Inc.*, Civ. No. 06-4410, 2009 WL 2413673, at *5 (D.N.J. Aug. 4,

---

[3]   Service could also be made according to New Jersey's rules, *see* Fed. R. Civ. P. 4(e)(1), but for individuals they are essentially the same, *see* N.J. R. Ct. 4:4-4(a)(1).

[4]   Regarding New Jersey's additional permissible methods of service, Hsueh has not shown that the Jersey City Bank of America is "the registered office of" Bank of America. N.J. R. Ct. 4:4-4(a)(6). Because he has not shown any reason why he could not serve a person at Bank of America's registered office, an officer, or an agent, New Jersey Rule 4:4-4(a)(6)'s remaining methods are inapplicable.

5

2009) (delivery to an individual's place of employment was insufficient). Thus, Hsueh has not established effective service of process for any defendant.

Pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(4), I will dismiss the Complaint without prejudice.

### III.   CONCLUSION

For the reasons set forth above the motion to dismiss (DE 7) is granted.

A separate order will issue.

Dated: September 30, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**

Case 2:19-cv-20408-KM-JBC   Document 13   Filed 09/29/20   Page 5 of 5 PageID: 129